UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Rodney Wilson,                                         Case No. 3:16-cv-2963

            Plaintiff

      v.                                                MEMORANDUM OPINION

Allstate, et al.,

            Defendants

This matter is before me on motions to dismiss filed by Defendants Ed Schmidt (Doc. No. 3) and Allstate (Doc. No. 8). The Plaintiff filed motions to strike the responses of each Defendant (Doc. Nos. 6 and 10) as well as seeking a motion to move forward with a speedy trial (Doc. No. 12).

### I. BRIEF BACKGROUND

This litigation arises out of alleged faulty car repairs to Rodney Wilson's 2004 Volkswagen Phaeton by Ed Schmidt. (Doc. No. 5 at pp. 14-15). In July 2016, Wilson had the vehicle towed to Ed Schmidt. (*Id.*) Wilson also submitted a claim to his insurer, Allstate, for the damages. His insurance claim was denied. In October 2016, Wilson was notified that his car had been at Ed Schmidt's since August, provided an estimate of the repairs, and advised him the vehicle needed to be removed within 10 days or it could be considered an abandoned vehicle. (*Id.* at p. 12).

*Pro se* Plaintiff, Rodney Wilson, initiated this complaint against Allstate and Ed Schmidt Auto Mall on December 9, 2016. He alleges claims in the nature of: (1) breach of contract; (2) failure to perform in good faith; and (3) punitive damages. (Doc. No. 1). He states jurisdiction pursuant to 28 U.S.C. § 1331. He contends jurisdiction is appropriate under 42 U.S.C. § 1983 and 18 U.S.C. § 1163.

Both Defendants seek dismissal of this lawsuit and contend this Court is without subject matter jurisdiction to consider Wilson's claims. The Plaintiff's responses to these dispositive motions are presented via his respective motions to strike.

## II. DISCUSSION

A court must have jurisdiction over the subject matter in order to consider the claims alleged. Fed. R. Civ. P. 12(b)(1). Where a defendant challenges a court's jurisdiction, the plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter. *DXL, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

Under 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." A statute may create a private right of action. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (private rights of action must be created by Congress to enforce federal law).

In this case, the Plaintiff invokes 42 U.S.C. § 1983 and 18 U.S.C. § 1163 as the statutes under which federal jurisdiction arises. I disagree.

Under 42 U.S.C. § 1983, the plaintiff must contend the alleged conduct was committed by a person under color of state law and that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Graham v. NCAA,* 804 F.2d 953, 957 (6th Cir. 1986). There is no private right of action under a § 1983 claim as the offending actions "must be fairly attributable to the state." *Collyer v. Darling*, 98 F.2d 211, 231-32 (6th Cir. 1997). As correctly noted by Defendants, Section 1983 "merely provides a method for vindicating federal rights elsewhere conferred." (Doc. No. 3 at p. 4, citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotation omitted)).

2

The other statute invoked in Plaintiff's statement of jurisdiction, 18 U.S.C. § 1163[1], addresses embezzlement and theft from Indian tribal organizations. Again, as correctly noted by the Defendants, this is a criminal statute. There is no private right of action under this statute. *Chilkat Indian Village v. Johnson*, 643 F.Supp. 535, 537-37 (D. Ak. 1986), *aff'd*, 870 F.3d 1469 (9th Cir. 1989).

As the Plaintiff has failed to demonstrate a basis for federal subject matter jurisdiction, I must dismiss this action because the complaint fails to state a claim under federal law.

### III. CONCLUSION

As I have determined there is no subject matter jurisdiction, the Defendants' motions to dismiss (Doc. Nos. 3 and 8) are granted. Plaintiff's motions to strike (Doc. Nos. 6 and 10) as well as his motion to move forward with a speedy trial (Doc. No. 12) are denied as moot. This case is dismissed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] Whoever embezzles, steals, knowingly converts to his use or the use of another, willfully misapplies, or willfully permits to be misapplied, any of the moneys, funds, credits, goods, assets, or other property belonging to any Indian tribal organization or intrusted to the custody or care of any officer, employee, or agent of an Indian tribal organization; or

Whoever, knowing any such moneys, funds, credits, goods, assets or other property to have been so embezzled, stolen, converted, misapplied or permitted to be misapplied, receives, conceals, or retains the same with intent to convert it to his use or the use of another –

Shall be fined under this title, or imprisoned not more than five years, or both; but if the value of such property does not exceed the sum of $1,000, he shall be fined under this title, or imprisoned not more than one year, or both.

As used in this section, the term "Indian tribal organization" means any tribe, band, or community of Indians which is subject to the laws of the United states related to Indian affairs or any corporation, association, or group which is organized under any such laws.